**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4541

LAVELLE HAWKINS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-98-38-A)

Submitted: March 23, 1999

Decided: April 2, 1999

Before ERVIN, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Veta Medica Carney, CARNEY & CARNEY, Alexandria, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Laura A.
Colombell, Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Lavelle Hawkins appeals his conviction for assaulting a correctional officer at Lorton Reformatory, in violation of D.C. Code Ann. § 22-505(a) (Supp. 1998). He raises claims of prosecutorial misconduct and errors in the jury instructions. Finding no reversible error, we affirm.

I.

Hawkins first challenges his conviction on numerous grounds of prosecutorial misconduct. Where, as here, the district court made no factual findings on a prosecutorial misconduct claim, our review of the alleged errors to which objection was made is de novo. See United States v. Ellis, 121 F.3d 908, 927 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095). We review the alleged errors to which Hawkins did not object for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993); United States v. Williams, 152 F.3d 294, 300 (4th Cir. 1998).

Reversal based upon improper conduct by the prosecutor is merited when the remarks or conduct actually were improper and when they prejudicially affected defendant's substantial rights. See United States v. Golding, ___ F.3d ___, ___, 1999 WL 74558, at *2 (4th Cir. 1999) (citing United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990)). Specifically, Hawkins asserts that the prosecutor improperly cross-examined the inmates as to illegal drug activity at the prison and to reporting incidents of assault, improperly questioned Hawkins about a prior assault on a correctional officer and about his post-Miranda* silence, improperly presented rebuttal evidence about inmates lying in court for other inmates and bragging about the acquittals that resulted, improperly remarked in closing argument that the inmates would return to Lorton Reformatory to undermine authority, and improperly stated in closing argument that collusion may have occurred between Hawkins and the inmates who testified for him. We have reviewed

_____

*Miranda v. Arizona, 384 U.S. 436 (1966).

Hawkins' claims in detail and find no error--plain or otherwise--because he has failed to meet the standard set forth in Golding.

II.

Hawkins also challenges the district court's refusal to give requested jury instructions. We review the district court's decision to give or not give a jury instruction and the content of the instruction for an abuse of discretion. See United States v. Seidman, 156 F.3d 542, 551 (4th Cir. 1998). We have held that "a district court should give the instruction that a criminal defendant requests as to any defense as long as the instruction . . . has an evidentiary foundation[ ] and . . . accurately states the law applicable to the charged offense." United States v. Stotts, 113 F.3d 493, 496 (4th Cir. 1997).

Hawkins asserts that the district court failed to instruct the jury on his theory of the case--that the correctional officer violated the policy against using excessive force against inmates and that Hawkins acted in self defense. We have reviewed the requested instruction and the instruction given by the court to the jury and find no abuse of discretion because the instruction adequately presented Hawkins' theory of the case.

Hawkins also asserts that the district court incorrectly instructed the jury that he had the burden of proof by a preponderance of the evidence as to self defense. Although the court should not have given a standard self-defense instruction, see Stotts , 113 F.3d at 496 (noting that defendant charged under § 22-505(a) "generally cannot invoke self-defense to justify an assault on a police or correctional officer"), the court recognized the limited right of self defense arising from Hawkins' presentation of testimony that the correctional officer used excessive force in carrying out his official duties. See id. The court therefore properly instructed the jury in discussing the elements of the offense and the government's burden of proof that "[t]he government must prove beyond a reasonable doubt that the defendant acted without justifiable excuse or cause." (J.A. at 226). Hawkins' requested instruction as to the burden of proof was covered by the district court. The remainder of Hawkins' proposed instruction on self defense, however, did not accurately state the law as it applies to an assault on a correctional officer under § 22-505(a). See Stotts, 113 F.3d at 496.

3

We therefore find no abuse of discretion in the district court's decision to reject Hawkins' instruction. See Seidman, 156 F.3d at 551.

III.

Accordingly, we affirm Hawkins' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4